IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM M. ALLEN, | No. C 10-5011 CW (PR) |
|     Petitioner, | ORDER GRANTING PETITIONER'S MOTION TO REOPEN ACTION; VACATING ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; DIRECTING RESPONDENT TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE GRANTED |
|   v. | |
| M. MARTEL, Warden, | |
|     Respondent.               / | |
| | (Docket no. 6) |

    Petitioner, a state prisoner, filed this pro se habeas corpus action pursuant to 28 U.S.C. § 2254, challenging the validity of his state conviction.  On November 17, 2010, the Court dismissed the action because of Petitioner's failure either to pay the filing fee or file a completed in forma pauperis (IFP) application.  The following day, Petitioner filed a completed IFP application.

    Now pending before the Court is Petitioner's motion to reopen the action because prison officials delayed the timely filing of his completed IFP application.

    Good cause appearing, the Court orders as follows:

    1.   Petitioner's motion to reopen the action is GRANTED (docket no. 6).

    2.   The November 17, 2010 Order of Dismissal Without Prejudice is VACATED (docket no. 4).  The Clerk of the Court shall REOPEN this case.

    3.   Petitioner's application to proceed IFP is GRANTED.

    4.   The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and

Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this Order on Petitioner at his current address.

    5.   In accordance with Habeas Corpus Local Rule 2254-6, within <u>sixty days</u> from the date of this Order Respondent shall file with the Court and serve upon Petitioner an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

    6.   If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within <u>thirty days</u> of his receipt of the answer.  Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision thirty days from the date Petitioner is served with Respondent's answer.

    7.   Respondent may file with this Court and serve upon Petitioner, within <u>sixty days</u> from the date of this Order, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within <u>twenty-eight days</u> of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within <u>fourteen days</u> of receipt of any opposition.

8. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

This Order terminates Docket no. 6.

IT IS SO ORDERED.

Dated: 6/26/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE